UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-24518-BLOOM

WILLIAM AVERY BUGGS,

    Plaintiff,

v.

LIEUTENANT J. DURANT and FDC MIAMI,

    Defendants.
_____/

### ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)

**THIS CAUSE** came before this Court on Plaintiff William Avery Buggs' *pro se* Complaint under 42 U.S.C. § 1983,[1] ECF No. [1]. Plaintiff, a pretrial detainee who is currently incarcerated in Georgia, sues corrections officials for violating his constitutional rights while he was housed at the Federal Detention Center in Miami, Florida. Because Plaintiff is a *pro se* litigant who seeks to proceed *in forma pauperis* ("IFP"), ECF No. [3], the screening provisions of 28 U.S.C. § 1915(e) apply. Upon application of the screening provisions, the Court finds that the Complaint must be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief.

---

[1] It is not clear from Plaintiff's Complaint whether he seeks to sue state officials or federal officials. Plaintiff lists "Miami FDC" as one of the Defendants and indicates that he was housed at the Federal Detention Center in Miami when the relevant events took place. ECF No. [1] at 1–2. If Plaintiff is suing federal officials for violating his constitutional rights, his claims arise under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), rather than section 1983. *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) ("A § 1983 suit challenges the constitutionality of the actions of state officials; a *Bivens* suit challenges the constitutionality of the actions of federal officials."). Nonetheless, for the purposes of this analysis, the distinction is immaterial because "courts generally apply § 1983 law to *Bivens* cases." *Id*. If Plaintiff files an Amended Complaint, he must specify whether he is suing state or federal officials.

Case No. 25-cv-24518-BLOOM

## I. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(ii), the Court shall dismiss an action if it determines that the action "fails to state a claim on which relief may be granted." To state a claim for relief, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) ("The standards governing dismissals under Rule 12(b)(6) apply to § 1915(e)(2)(B)(ii)."). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (alteration adopted; citation and quotation marks omitted). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)). Still, a *pro se* party must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## II. DISCUSSION

In his Complaint, Plaintiff alleges the following facts. On the afternoon of June 29, 2025, while Plaintiff was housed at the Federal Detention Center in Miami ("FDC Miami"), staff members came to his unit and asked him to submit to hand restraints. ECF No. [1] at 2. Plaintiff did as he was told and placed his hands against the wall. *Id*. A staff member then snatched Plaintiff's right hand off the wall, causing him to turn towards other staff members. *Id*. Plaintiff

was then sprayed in the mouth and face with a chemical spray. *Id*. He was then handcuffed and escorted to the elevator, where his head was pushed into a wall. *Id*. Plaintiff was taken to the Special Housing Unit—and specifically to the "strip cell area"—and while he was still in handcuffs, he was punched in the head "over and over." *Id*. Plaintiff was then left in a cell without medical attention for about two or three hours, and his right handcuff was applied too tightly. *Id*. A week later, Plaintiff asked for an x-ray to his shoulder and neck, but jail staff refused to provide one. *Id*. Plaintiff is still suffering from pain. *Id*.

These allegations do suggest possible violations of Plaintiff's Fourteenth Amendment rights to be free from excessive force and deliberate indifference to his serious medical needs.[2] *See Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015) (to prevail on an excessive force claim under the Fourteenth Amendment, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable"); *Wade v. McDade*, 106 F.4th 1251, 1255–56, 1262 (11th Cir. 2024) (to prevail on a claim for deliberate indifference to serious medical needs, the plaintiff must show an "objectively serious medical need" and that "the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff"); *see also Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007) ("[T]he Fourteenth Amendment Due Process Clause, not the Eighth Amendment prohibition on cruel and unusual punishment, governs pretrial detainees"). In particular, the use of substantial force on a handcuffed or otherwise compliant pretrial detainee who poses no threat violates the Fourteenth Amendment. *See Piazza v. Jefferson Cty., Ala.*, 923 F.3d 947, 953 (11th Cir. 2019); *Danley v. Allen*, 540 F.3d

---

[2] If Plaintiff is suing federal officials under *Bivens*, these claims would arise under the Fifth Amendment's Due Process Clause, rather than the Fourteenth Amendment's Due Process Clause. *See Johnson v. Terry*, 119 F.4th 840, 852 (11th Cir. 2024). The Court declines to address at this juncture whether a *Bivens* remedy exists for these claims. *Cf. id.* at 846–62 (holding that *Bivens* did not extend to a federal pretrial detainee's claims for deliberate indifference to safety and to serious medical needs).

1298, 1309 (11th Cir. 2008). And the failure to provide medical attention to a pretrial detainee who was beaten or doused with a chemical spray can constitute deliberate indifference to serious medical needs. *See Danley*, 540 F.3d at 1312 (holding that the failure to decontaminate a pretrial detainee following "the prolonged exposure to pepper spray" constituted deliberate indifference to serious medical needs).

But Plaintiff's allegations are too vague and conclusory state claims for excessive force and deliberate indifference to serious medical needs. *See Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984) (conclusory allegations are insufficient in civil rights actions under § 1983); *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998) ("Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims."). Crucially, Plaintiff does not specify *who* used excessive force and deprived him of medical attention. A claim under section 1983 "requires proof of an affirmative causal connection between the actions taken by *a particular person* under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (quotations omitted) (emphasis added). Therefore, Plaintiff must specify "which of the defendants are responsible for which acts or omissions" that form the basis of his claims. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015); *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (affirming dismissal of *pro se* section 1983 complaint because the plaintiff "failed to name individual defendants and failed to articulate specific claims against those defendants.").

Moreover, Plaintiff's allegations regarding the excessive use of force do not provide enough detail about the "facts and circumstances" surrounding the use of force. *Kingsley*, 576 U.S. at 397. Court consider the following factors in determining whether the force used on a pretrial detainee was excessive: (1) the relationship between the need for the use of force and the amount

4

of force used; (2) the extent of the plaintiff's injury; (3) any effort made by the officer to temper or to limit the amount of force; (4) the severity of the security problem at issue; (5) the threat reasonably perceived by the officer; and (6) whether the plaintiff was actively resisting. *Patel v. Lanier Cnty. Ga.*, 969 F.3d 1173, 1182 (11th Cir. 2020) (citing *Kingsley*, 576 U.S. at 397). Plaintiff provides few details about the amount of force used, the circumstances that prompted the use of force, or the extent of the injuries he sustained. *See Hudson v. McMillian*, 503 U.S. 1, 10 (1992) ("*[D]e minimis* uses of physical force" do not constitute excessive force because "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights" (quotation omitted)). Likewise, Plaintiff's allegations do not provide enough detail to show that his injuries constituted a serious medical need or that any individual defendant acted with criminal recklessness towards those injuries. *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (a serious medical need is "one that, if left unattended, poses a substantial risk of serious harm"); *Wade*, 106 F.4th at 1262 (to show deliberate indifference, the plaintiff must show that the defendant acted with "subjective recklessness as used in the criminal law").

### III.   LEAVE TO AMEND

Plaintiff shall be given an opportunity to amend his complaint. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (holding that a *pro se* plaintiff must be given at least one chance to amend his Complaint where an amended complaint might state a claim upon which relief can be granted). Plaintiff's Amended Complaint must comply with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida. *See Moon*, 863 F.2d at 837. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

While Rule 8 allows a plaintiff considerable leeway in framing a complaint, the Eleventh Circuit has tightened the application of Rule 8 with respect to section 1983 cases in an effort to identify meritless claims. *See GJR Invs*., 132 F.3d at 1367. Accordingly, a section 1983 plaintiff must allege with specificity the facts which make out his claim. *See Wilson v. Strong,* 156 F.3d 1131, 1134 (11th Cir.1998) ("[T]he contours of an asserted constitutional right 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'"). In addition, Plaintiff must separate each cause of action against each Defendant into a different count. Pursuant to Fed. R. Civ. P. 10(b), the Amended Complaint must state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To promote clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). Plaintiff must clearly specify which Defendant is responsible for each act or omission that forms the basis of his claims. *See Weiland*, 792 F.3d at 1320.

## IV.   CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint, **ECF No. [1]** is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief.

2. On or before **November 3, 2025**, Plaintiff shall file an amended complaint, labeled **"Amended Complaint,"** that cures the deficiencies identified above. The Amended Complaint shall:

    a. Contain a short and plain statement of Plaintiff's claims against each named Defendant, a basis for federal jurisdiction, and a demand for judgment.

    b. Be either typed in 12-point font or larger and double-spaced or ***handwritten legibly***.

    c. Be written on the § 1983 complaint form attached to this order.

3. The Amended Complaint must show **Case No. 25-cv-24518-BLOOM** so that it will be filed in this case.

4. The Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the civil rights complaint form, together with this Order, at the address listed below.

5. This case is **CLOSED** for administrative purposes only pending the filing of an amended complaint.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 6, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
William Avery Buggs, *PRO SE*
34506
Ware County Jail
3487 Harris Rd
Waycross, GA 31503